On this appeal from a judgment of Judge Nancy Margaret Russo, I concur in judgment only because Gregorek could be held personally liable for his own fraudulent statements.[1] I do not believe, however, that Imperial presented enough evidence to pierce the corporate veil, and I am not comfortable with the majority's suggestion that a closely held corporation or one owned by a single shareholder can be so easily pierced.
We need not reach the question of whether a judge, in a bench trial, has authority to alter the presentation of evidence in order to excuse Imperial's failure to sustain a prima facie case, because even the evidence considered in its entirety is insufficient to show that Gregorek's control of the corporation was so complete that it had no separate existence.[2] Imperial established only that Gregorek was the sole shareholder of the corporation, and its only employee. If this is now sufficient to pierce corporate existence, innumerable sole shareholders who make all corporate decisions will be distressed to learn that their incorporation was pointless.
Ohio's incorporation statutes expressly allow single share-holders to own corporations, and allow a single shareholder to be the sole director of a corporation.[3] Moreover, the articles of incorporation may set the terms in office of corporate officers or, if the corporation desires, it may elect to operate as a close corporation under R.C.1701.591, doing away with many of the formalities of corporate governance. Whether Precision Cut, Inc. had regular elections of directors or officers or held annual meetings has little to do with whether the corporation maintained a separate existence, especially when Imperial failed to show that any of Precision Cut's actions were even technically, much less fundamentally, in violation of its articles of incorporation or Ohio statutes. Neither the judge nor the majority determined that the corporation had violated any statutes or disregarded the corporate form, but essentially decided that Precision Cut had no separate existence solely because Gregorek admittedly exercises complete control over it. If a person who admits to being the sole decision maker for his corporate entity can be stripped of limited liability based on that alone, we will have lost one of the great incentives to individual effort and a major contributor to our economic health.
The three-prong test used in Bucyrus-Erie and Belvedere, supra, should be applied consistent with the purpose of corporate veil-piercing, which is to protect parties from unjust results that might obtain if they were forced to look only to the corporation for relief. The corporate form is to be disregarded only when urged to an end subversive of its policy[4]
or, stated otherwise, when its retention would produce injustice or inequitable consequences.[5]
The first Bucyrus-Erie factor is not satisfied merely because a single person exercises control over the corporation; instead, the corporation loses its separate existence only when an individual has himself disregarded the corporate form, as by commingling his own financial or personal affairs with those of the corporation so that the two are indistinguishable.[6] There is absolutely no evidence that Gregorek's personal affairs are inseparable from those of Precision Cut, that he has misused corporate funds, or that the corporation's records are incomplete, incorrect, or otherwise improper. The second and third factors similarly require more than some general injustice and harm before imposing individual liability — the harm must somehow relate to the use or retention of the corporate form.[7] There is no need to apply the Bucyrus-Erie doctrine unless the injured party was unfairly induced to look to the corporate form for relief when the corporation was incapable of providing it.[8] Imperial did not show that Gregorek's conduct prevented a meaningful recovery against Precision Cut.
While the result here is no different because Gregorek is liable for his personal act of misrepresentation, Imperial not only failed to show that Precision Cut had no separate, identifiable existence, it also failed to show that Precision Cut was incapable of satisfying the judgment, or that Gregorek's conduct was intended to induce Imperial to rely on Precision Cut's corporate form in order to prevent it from recovering. At most, Gregorek's conduct prevented Imperial from securing the debt, and he is liable personally to the extent Precision Cut is incapable of satisfying the judgment. Although some might consider this a subtle difference, it is nonetheless significant. Without this distinction, a sole shareholder becomes personally liable for every corporate decision that results in a breach of contract, and for every negligent act that causes harm, regardless of whether the corporation is a responsible business entity.
[1] Heritage Funding Leasing Co. v. Phee (1997), 120 Ohio App.3d 422,430-431, 698 N.E.2d 67, 73.
[2] Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc. (1993), 67 Ohio St.3d 274, 288-289, 617 N.E.2d 1075, 1086 (adopting Bucyrus-Erie Co. v. Gen. Prods. Corp. (C.A.6, 1981), 643 F.2d 413, 418, 22 O.O.3d 209).
[3] R.C. 1701.56.
[4] Bucyrus-Erie, 643 F.2d at 418 (quoting State v. Standard Oil Co. (1892), 49 Ohio St. 137, 30 N.E. 279.
[5](Emphasis added.) Id. at 419.
[6] Id. at 419 n. 7; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735,744-745, 607 N.E.2d 1140, 1146-1147.
[7] Bucyrus-Erie, supra.
[8] Ohio Bur. of Workers' Comp. v. Widenmeyer Electric Co. (1991),72 Ohio App.3d 100, 105, 593 N.E.2d 468, 471.